UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Petitioner,<br>    v.<br><br>AMY M. WHITE,<br><br>                  Respondent. | CASE NO. 3:25-mc-05007-DGE<br><br>ORDER GRANTING PETITIONER'S PETITION TO ENFORCE IRS SUMMONS (DKT. NO. 1) AND DENYING RESPONDENT'S MOTIONS TO QUASH (DKT. NOS. 6, 8) |

### I    INTRODUCTION

Petitioner alleges Respondent has improperly failed to pay assessments against her entity, the Amy White Private Bank Estate & Trust ("Trust"). (Dkt. No. 1 at 2.) On November 11, 2022, Respondent created the Trust. (*Id*.) Respondent is both the beneficiary and trustee of the Trust. (*Id*.) In 2023, Respondent filed a Form 1041 for the trust claiming a refund due of all income tax withheld. (*Id*.) The Internal Revenue Service ("IRS") initially issued a refund to the Trust, before learning the refund was improper. (*Id*.) On July 6, 2023, the IRS made assessments against the Trust for "the fraudulently claimed refund, penalties, and interest." (*Id*.)

Petitioner now seeks to enforce an IRS summons against Respondent to gather information to collect these assessments. (*Id.*) Petitioner alleges personal service of an IRS summons on Respondent on July 29, 2024, with an interview scheduled on August 13, 2024. (*Id.* at 3.) Respondent requested this interview be rescheduled. (*Id.*) Petitioner agreed to reschedule Respondent's interview to September 19, 2024. (*Id.* at 3.) Petitioner did not appear for this interview. (*Id.* at 4.) Petitioner provided a second interview opportunity for Respondent on November 14, 2024. (*Id.*) Respondent did not appear. (*Id.*) Petitioner has not produced any records requested by summons. (*Id.* at 5.) Some responsive documents have been obtained through third-party summons. (*Id.* at 6.)

On June 16, 2025, Petitioner filed a petition with this Court to enforce the IRS summons. (*Id.*) On July 18, 2025, Respondent was ordered to appear in front of this Court on August 20, 2025, to show cause why she should not be compelled to comply with the IRS summons personally served upon her. (Dkt. No. 4.) On August 4, 2025, Respondent filed a motion to quash and dismiss the show cause order. (Dkt. No. 6.) On August 5, 2025, Respondent filed a motion to quash subpoenas and dismiss for lack of jurisdiction. (Dkt. No. 8.) On August 13, 2025, Petitioner filed a reply to both motions. (Dkt. No. 9.) On August 18, 2025, Respondent filed a notice of pending administrative proceedings. (Dkt. No. 10.) The next day, Respondent filed a surreply, a motion for a protective order, and a notice of administrative objection. (Dkt. No. 11–13.) Also on August 19, 2025, Petitioner filed a motion to strike Respondent's surreply and motion for a protective order. (Dkt. No. 14.)

On August 20, 2025, this Court held a show cause hearing. This Court denied Respondent's motion for a protective order (Dkt. No. 12) and granted in part and denied in part

1  Petitioner's motion to strike Respondent's surreply and motion for a protective order (Dkt. No.
2  14.)  (Dkt. No. 16.)
3    This Court now GRANTS Petitioner's petition to enforce IRS summons (Dkt. No. 1).
4  The Court further DENIES Respondent's motion to quash and dismiss the show cause hearing
5  (Dkt. No. 6) and Respondent's motion to quash and dismiss the subpoenas (Dkt. No. 8).

6    **II**  **BACKGROUND**

7    Petitioner seeks to enforce an IRS subpoena against Respondent.  The IRS may "summon
8  the person liable for tax . . . or any officer or employee of such person" for the purpose of
9  "ascertaining the correctness of any return, making a return where none has been made,
10  determining the liability of any person for any internal revenue tax . . . or collecting any such
11  liability."  26 U.S.C. § 7602(a).  A summons can be issued for records relating to a taxpayer's
12  "related entities."  *Fisher v. United States*, 676 F. Supp. 2d 1165, 1171 (W.D. Wash. 2009).  As
13  part of a summons, the IRS may require an individual to "appear" and "to produce such books,
14  papers, records, or other data" as is "relevant or material" to the inquiry. *Id*.
15    When an individual fails to comply with an IRS summons, the Government may seek
16  judicial enforcement of the summons.  *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir.
17  1999).  The Government must show (1) the investigation is being conducted for a legitimate
18  purpose, (2) the material being sought is relevant to that purpose, (3) the information sought is
19  not already in the IRS's possession, and (4) the IRS complied with all administrative steps
20  required by the Internal Revenue Code.  *Id*. at 1143–1144 (citing *United States v. Powell*, 379
21  U.S. 48, 57–58 (1964).
22    The Ninth Circuit favors judicial enforcement of summons.  *See Liberty Fin. Servs. v.*
23  *United States*, 778 F.2d 1390, 1392 (9th Cir. 1999) (expressing concerning about "unduly
24

ORDER GRANTING PETITIONER'S PETITION TO ENFORCE IRS SUMMONS (DKT. NO. 1) AND
DENYING RESPONDENT'S MOTIONS TO QUASH (DKT. NOS. 6, 8) - 3

restrict[ing]" the IRS).  The burden on the Government to show that it has met all four *Powell* factors is slight.  *Id.* at 1144 (citing *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)).  A single declaration from an investigating agent can be sufficient.  *Id.*  Once the Government meets this burden, the party opposing the summons has a "heavy" burden to show misconduct by the Government.  *Crystal*, 172 F.3d at 1144 (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)).

### III   DISCUSSION

**A.  Petition To Enforce the IRS Summons (Dkt. No. 1)**

Petitioner seeks to enforce an IRS summons against Respondent.  (Dkt. No. 1.)  Petitioner alleges all four *Powell* factors are met.  (Dkt. Nos. 1 at 5; 9 at 3–4.)  Petitioner further argues it did not act in bad faith.  (Dkt. No. 9 at 11.)  Respondent attempts to argue that *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) means "IRS referrals must now be grounded in precise statutory compliance."  (Dkt. No. 6 at 5.)  *Loper Bright* only limits the ability of agencies to provide persuasive interpretations of statutes.  *Loper Bright Enterprises*, 603 U.S. at 397.  Here, the text of 26 U.S.C. § 7602 is clear on its face.  The Government is clearly granted the power to issue IRS summons against individuals like Respondent, if the *Powell* factors are met and no bad faith is shown.

Petitioner alleges the first *Powell* factor is met because Petitioner has the legitimate purpose of gathering information to collect on an assessment against the Trust.  (Dkt. Nos. 1 at 5; 9 at 7–8, 10.)  It is not clear whether Respondent asserts Petitioner had no legitimate purpose in investigating the tax assessment against the Trust.  (*See generally* Dkt. Nos. 6, 8.)[1]

---

[1] The motions the Respondent filed in this case are identical to the motions filed in the related cases filed under *United States v. Amy White*, 3:25-mc-05005-DGE, *United States v. Webster*, 3:25-mc-05008-DGE.  Those related cases involve investigations to determine individual tax

1    The Court concludes Petitioner's stated purpose of examining Respondent's information
2 to collect an assessment is legitimate under § 7602(a) for the purpose of "determining the
3 liability of [the Trust] for any internal revenue tax."  Respondent has been informed of this
4 purpose in her notices for summons interviews. (Dkt. No. 1 at 3.)  The purpose of Petitioner's
5 petition and this Court's order is only to enforce an IRS subpoena against Respondent.  Any
6 motive of Respondent for any alleged error or desire to litigate a separate claim against Petitioner
7 is outside the scope of this case.  The first *Powell* factor is therefore satisfied.

8    Petitioner alleges the second *Powell* factor is met because Petitioner is only seeking
9 information related to the purpose of examining Respondent's federal tax liabilities for 2020,
10 2021, and 2022. (Dkt. No. 1 at 5.)  Petitioner provides a sworn declaration from an agent
11 attesting that the documents are relevant to her investigation of Respondent. (Dkt. No. 2 at 2.)
12 Respondent does not rebut this claim.  An unchallenged sworn declaration from an agent is
13 sufficient for the Government to meet its burden of proving its requests are relevant. *Fortney v.*
14 *United States*, 59 F.3d 117, 120 (9th Cir. 1995) (citing *Dynavac*, 6 F.3d at 1414). The second
15 *Powell* factor is therefore satisfied.

16    Petitioner alleges the third *Powell* factor is met because Petitioner lacks necessary
17 documents. (Dkt. No. 2 at 5–7.)  In turn, Respondent states only Petitioner "already possesses
18 the relevant records (Ex. A)." (Dkt. No. 6 at 3.)  No "Exhibit A" has been provided to this Court.
19 This Court has received no other information as to the specific documents Respondent believes
20 Petitioner has.  The third *Powell* factor is therefore satisfied.

---

liabilities for Respondent and an individual named Frank Webster for years 2020, 2021, and 2022.  The identical motions filed in each matter do not distinguish between the purpose for the investigation in this case and the purpose for the investigations in those two other matters.

ORDER GRANTING PETITIONER'S PETITION TO ENFORCE IRS SUMMONS (DKT. NO. 1) AND
DENYING RESPONDENT'S MOTIONS TO QUASH (DKT. NOS. 6, 8) - 5

  Petitioner alleges the fourth *Powell* factor is met because the Government has followed all proper procedures. (Dkt. No. 9 at 8–10.) Respondent alleges multiple errors with the Government's procedure. (Dkt. No. 6 at 3–4.)

  First, Respondent argues Petitioner failed to follow Internal Revenue Manual ("IRM") § 25.1.3.2. (Dkt. No. 6 at 3.) However, this section applies at the point at which Form 2797 is filed and has no bearing on the current request. IRS Prac. & Procedure, § 12.05 (IRS Practice and Procedure, 2025). Similarly, Respondent argues Petitioner failed to follow Directive No. 137. (Dkt. No. 6 at 4.) The Department of Justice Tax Division Directive No. 137 lays out Department policy for pursuing tax claims. It has no bearing on this request.

  Next, Respondent argues Petitioner failed to follow Treasury Regulation § 1.446-1(e). (*Id*.) However, this regulation refers to changes in accounting methods and has no bearing on the current request. 26 CFR § 1.446-1(e).

  Respondent further argues Petitioner utilized incorrect forms that must be fixed before enforcement is possible. (Dkt. No. 6 at 4.) Specifically, Respondent highlights a failure to acknowledge a correct filing for tax year 2022 submitted on November 11, 2024, the naming of private parties as "alter egos," and a failure to update the IRS Master File. (*Id*.) Respondent also argues that Petitioner failed to provide a notice of deficiency under 26 US.C. § 2612. (Dkt. No. 8 at 3.) None of these assertions have any merit. Petitioner properly named Respondent in this summons, with separate summons for related individuals, *see United States v. Amy White*, 3:25-mc-05005-DGE, *United States v. Webster*, 3:25-mc-05008-DGE. Any documents that have not yet been finalized or provided merely reflect that an outstanding summons interview is required to accurately assess Respondent's tax liabilities. The fourth *Powell* factor is therefore satisfied.

Therefore, each of the four *Powell* factors is met. The only defense remaining to Respondent is that Petitioner is acting in bad faith. Respondent alleges "No audit or exam has been completed or opened for [Respondent] that is not a farce contrived to satisfy the requirement on the surface only." (Dkt. No. 8 at 4.) For the reasons previously stated, the IRS summons against Respondent has been validly issued. Bad faith must be alleged with "specific facts and evidence." *Jose*, 131 F.3d at 1328. Respondent has not made any allegation of bad faith, much less a specific allegation.

Finally, Respondent alleges violations of privacy rights under 5 U.S.C. § 552(a). (Dkt. No. 6 at 4.) Respondent only makes conclusory allegations at this stage. Even if the claim contained information sufficient to be meritorious, it would best be brought in a separate action.

Accordingly, Petitioner's petition to enforce an IRS summons against Respondent is granted.

**B. Respondent's Motion to Quash and Dismiss Show Cause Orders (Dkt. No. 6)**

Respondent seeks to quash and dismiss the show cause hearing order. (Dkt. No. 6.) Respondent provides, however, only limited analysis of why the order to show cause should be dismissed. Liberally construed, Respondent states the order should be dismissed for lack of jurisdiction and process. (*Id*. at 2, 4.) Respondent makes no specific allegations as to why there is a lack of jurisdiction or improper process of service. This Court is authorized to order Respondent to comply with the IRS summons and to order a show cause hearing to adjudicate whether the petition for enforcement should be granted. *See* 26 U.S.C. § 7604(a); *see also United States v. Gilleran*, 992 F.2d 232, 234 (9th Cir. 1993) (requiring district courts to order a show cause hearing to adjudicate petitions to enforce IRS summons).

**C. Respondent's Motion to Quash and Dismiss the Subpoenas (Dkt. No. 8)**

Respondent also asks the Court to quash and dismiss the subpoenas against third parties. (Dkt. No. 8 at 2, 5.) Respondent alleges that Petitioner failed to follow 26 U.S.C. § 7602(c). (*Id.* at 5.) Respondent should have brought these claims in a separate action as any claim against Petitioner for improper third-party summons is unrelated to an IRS summons against Respondent. 26 U.S.C. § 7609. To the extent Respondent makes a claim, however, it fails. Petitioner provided Respondent with reasonable notice and opportunity to respond. (Dkt. Nos. 9; 9-1; 9-2.) There is no specific allegation Respondent failed to receive these documents or that Petitioner failed to comply with their procedure as stated on these documents.

### D. ORDER

Accordingly, and having considered Petitioner's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Petitioner's Petition to Enforce IRS Summons (Dkt. No. 1) is GRANTED. This Court further finds and ORDERS Respondent's Motion to Quash and Dismiss Show Cause Orders (Dkt. No. 6) and Respondent's Motion to Quash Subpoenas (Dkt. No. 8) are DENIED.

Respondent SHALL appear before IRS Revenue Agent Bradley Marler, or any other proper officer or employee of the IRS, at 500 West 12th Street, Suite 110, Vancouver, Washington 98660 on October 29, 2025, at 9:00 a.m. and give testimony as required by the summons (Dkt. No. 2-2). Furthermore, at the October 29, 2025, 9:00 a.m. summons interview, Respondent SHALL produce to the IRS the following outstanding records, as required by the summons and listed in the Declaration of Revenue Agent Marler (Dkt. No. 2, ¶35):

1. Signature cards, applications, bank statements, credit card records, loan records, deposit slips, deposit items, cancelled checks (front and back), wire details, and correspondence for all accounts with US Bank indirectly or

    directly in the possession of or under the control of Amy White or the Amy White Private Bank Estate & Trust from January 1, 2022, to the present.

2.  Bank statements, deposit slips, deposit items, cancelled checks (front and back), wire details, and bank correspondence from January 1, 2022, to the present for JP Morgan Chase account ending in x5003 in the name of Amy White.

3.  Bank statements, deposit slips, deposit items, cancelled checks (front and back), wire details, and bank correspondence from January 1, 2022, to the present for JP Morgan Chase account ending in x6553 in the name of Roy Silverman Trust with Amy M. White as trustee.

4.  Bank statements, deposit slips, deposit items, cancelled checks (front and back), wire details, and bank correspondence from February 1, 2023, to the present for JP Morgan Chase account ending in x6455 in the names of Feminine Exalted LLC and Amy White.

5.  Bank statements, deposit slips, deposit items, cancelled checks (front and back), wire details, and bank correspondence from January 2, 2024, to the present for Bank of America account ending in x3352 in the name of Amy White.

6.  Bank statements, deposit slips, deposit items, cancelled checks (front and back), wire details, and bank correspondence from January 27, 2023, to the present for Bank of America account ending in x8843 in the name of Amy White.

ORDER GRANTING PETITIONER'S PETITION TO ENFORCE IRS SUMMONS (DKT. NO. 1) AND DENYING RESPONDENT'S MOTIONS TO QUASH (DKT. NOS. 6, 8) - 9

7. Bank statements, deposit slips, deposit items, cancelled checks (front and back), wire details, and bank correspondence from June 28, 2024, to the present for Umpqua Bank account ending in x3226 in the name of Amy White.

8. Bank statements, deposit slips, deposit items, cancelled checks (front and back), wire details, and bank correspondence from July 1, 2024, to the present for Umpqua Bank account ending in x0166 in the name of Amy White.

9. Signature cards, applications, bank statements, credit card records, loan records, deposit slips, deposit items, cancelled checks (front and bank), wire details, and correspondence for all financial accounts indirectly or directly in the possession of or under the control of Amy White or the Amy White Private Bank Estate & Trust opened from January 1, 2023, to the present.

10. All documents concerning real estate sales and purchases involving real property in the possession of or under the control of Amy White or the Amy White Private Bank Estate & Trust from January 1, 2016, to the present.

    A. Excepted from this is Skamania County's public title information for 231 Jackson Road, Cook, Washington 98605 and 61 Jackson Road, Cook, Washington 98605.

11. All records of cryptocurrency transactions and balances involving Amy White or the Amy White Private Bank Estate & Trust from January 1, 2022, to the present.

12. All records of precious metals' transactions involving Amy White or the Amy White Private Bank Estate & Trust from January 1, 2022, to the present.

13. The most current records of vehicle registration certificates, stocks and bonds, stored value cards, online and mobile financial accounts, and life/health insurance policies associated with Amy White or the Amy White Private Bank Estate & Trust.

Dated this 27th day of August, 2025.

David G. Estudillo
United States District Judge